UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIGOBERTO RODRIGUEZ-MACEDO,<br><br>                      Petitioner,<br>     v.<br><br>JASON BENNETT,<br><br>                      Respondent. | Case No. 2:24-cv-00266-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: May 3, 2024 |

      This matter is before the Court on petitioner's failure to respond to the Court's order to show cause ("Order"). Dkt. 4. Petitioner is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

      On February 27, 2024, petitioner filed a proposed habeas corpus petition pursuant to 28 U.S.C. § 2241 and an application to proceed *in forma pauperis*. Dkt. 1. Given the identified deficiencies in the proposed petition, namely that the petition was actually a collateral attack on a local state court judgment from Issaquah, King County, Washington, which should have been brought under 28 U.S.C. § 2254 and exhaustion of state remedies had not been shown, the Court did not grant petitioner's IFP application. Dkt. 4 at 2-3; *see* Dkt. 1-2, Proposed Habeas Corpus Petition; Dkt. 1-4,

REPORT AND RECOMMENDATION - 1

Affidavit in Support; Dkt. 1-3, Memorandum. Petitioner was given until April 11, 2024 to show cause why his petition should not be dismissed. Dkt. 4.

Petitioner has not filed a response to the Order.[1] Therefore, the Court recommends dismissal of this action without prejudice. *Picard v. Connor,* 404 U.S. 270, 276 (1971) (if a petition for habeas corpus contains claims that are unexhausted, it is not cognizable in federal court); *Cf. Casey v. Moore*, 386 F.3d 896, 920 n. 26, 921 n.27 (9th Cir. 2004) (unexhausted claim may be dismissed if the state courts procedurally barred the claim).

The parties have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **May 3, 2024**, as noted in the caption.

Dated this 18th day of April, 2024.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Petitioner has filed a second motion to proceed IFP. Dkt. 6. It is identical to his original filings except that he now uses the correct IFP form.

NOTED FOR: MAY 3, 2024 - 2